WILKINS, Circuit Judge,
concurring:
Because I agree that the Monell issue may be dispositive and that we do not have a sufficient record to rule on it, I join the Court’s opinion. I write separately to highlight a troubling aspect of the approach taken by some courts when considering the constitutional issues raised when the state removes a child from her parents.
*110 Although every circuit agrees that a child may be removed from her home in order to protect her from abuse, the circuits have not agreed on what burden the government is under to justify such a removal in the absence of a court order. Compare, e.g., Hatch v. Dep’t for Children, Youth and Their Families, 274 F.3d 12, 21 (1st Cir.2001) (reasonable suspicion of past abuse can justify warrantless seizure of a child), with Tenenbaum v. Williams, 193 F.3d 581, 594-95 (2d Cir.1999) (requiring reasonable suspicion of imminent abuse). In my view, these decisions have sometimes given inadequate weight to the Fourth Amendment rights of the child.
Taking a child from her home without her consent or the consent of her parents is a seizure. Maj. Op. 103. “It is a ‘basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.’ ” Brigham City, Utah v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (quoting Groh v. Ramirez, 540 U.S. 551, 559, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004)). Under well-established law, in order to justify a warrantless search or seizure in the home “[t]he government has to surmount two hurdles.” United States v. Dawkins, 17 F.3d 399, 403 (D.C.Cir. 1994). The first hurdle is probable cause; the second hurdle is demonstrating that the “failure to procure a warrant was justifiable in light of circumstantial exigencies,” id., and we have directed courts to “weigh the degree of intrusion against the exigency that is its rationale,” United States v. Goree, 365 F.3d 1086, 1090 (D.C.Cir.2004). This two-part inquiry allows us to separate the question whether there was sufficient evidence to justify removing the child from whether there was sufficient evidence to justify warrantless removal. Cf. Welsh v. Wisconsin, 466 U.S. 740, 749-50, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (noting the “heavy burden faced by the government to justify warrantless searches or arrests). I see no reason to abandon this two-part framework when evaluating the removal of a child from her parents’ home.
The intrusion inherent in separating a child from her parents cannot be overstated. In order to justify such an intrusion without a court order, the need for immediate action must be great. I would find that the Fourth Amendment does not permit a government agency to remove a child from her home without a court order unless the agency has a reasonable basis to believe that the delay necessary to obtain the order would endanger the life or health of a child. Cf., e.g., Missouri v. McNeely, — U.S. -, 133 S.Ct. 1552, 1558-59, 185 L.Ed.2d 696 (2013) (listing circumstances justifying warrantless entry, such as providing emergency assistance, engaging in hot pursuit of a felon, or putting out a fire); In re Sealed Case 96-3167, 153 F.3d 759, 766-67 (D.C.Cir.1998) (war-rantless entry appropriate where burglary in progress); United States v. Johnson, 802 F.2d 1459, 1462 (D.C.Cir.1986) (finding exigent circumstance where evidence may be lost or destroyed if search is delayed). The question is not whether a child may be in danger of future harm in a generic sense; it is instead whether the delay required for seeking even ex parte judicial review could be catastrophic. Otherwise, we risk undermining the Fourth Amendment rights of our children, as well as the “momentum for respect,” Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), of the constitutional protection of the “strong tradition of parental concern for the nurture and upbringing of them children,” Wisconsin v. Yoder, 406 U.S. 205, 232, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).